Aguinda-Alvarado v. Blanche

BIA
Ling, IJ
A 220 575 486, A 240 477 064/065

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand twenty-six.

PRESENT:
> RICHARD C. WESLEY,
> RAYMOND J. LOHIER, JR.,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

NIXON OMAR AGUINDA-ALVARADO,
MONICA PATRICIA ORTEGA-PACA,
R.H.A.-O.,*
> *Petitioners,*

v.                                                                    **24-658**
                                                                      **NAC**

**TODD BLANCHE, ACTING UNITED STATES ATTORNEY GENERAL,**

_____

* We refer to the minor petitioner by their initials only in this publicly accessible order.

**Respondent.†**

_____

FOR PETITIONERS:   Michael Borja, Esq., Borja Law Firm, P.C., Jackson Heights, NY.

FOR RESPONDENT:   Brian Boynton, Principal Deputy Assistant Attorney General; Carl McIntyre, Assistant Director; Andrew Oliveira, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Nixon Omar Aguinda-Alvarado, his wife Monica Patricia Ortega-Paca, and their minor child, natives and citizens of Ecuador, seek review of a February 12, 2024, decision of the BIA affirming a March 31, 2023, decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). _In re Aguinda-Alvarado, et al._, Nos. A 220 575 486, A 240 477 064/065 (B.I.A. Feb. 12, 2024), _aff'g_ Nos. A 220 575 486, A 240 477 064/065 (Immig. Ct. N.Y. City Mar. 31, 2023).

---

† The Clerk of Court is directed to amend the caption as set forth above.

We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented and modified by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005); *Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review factual findings, such as a government's ability or willingness to control private actors, for substantial evidence. *See, e.g., Scarlett v. Barr*, 957 F.3d 316, 326, 329–31 (2d Cir. 2020). Under the substantial evidence standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

## I. Asylum & Withholding of Removal

An applicant for asylum and withholding of removal has the burden to establish past persecution or a fear of future persecution, and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." *Id.* § 1158(b)(1)(B)(i); *see id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b); *see also Quituizaca v. Garland*, 52 F.4th 103, 105–06, 109–14 (2d Cir. 2022) (holding that the "one central reason" standard applies to both asylum and withholding of

3

removal). "To qualify as persecution the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control." *Scarlett*, 957 F.3d at 328 (citation modified).

Petitioners have abandoned any challenge to agency's finding that they did not establish that Ecuadorian police are unwilling or unable to control the private actors seeking to harm them. "We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (citation modified). When discussing asylum, Petitioners state that "the police are either too corrupt or too scared to help," Petitioners' Br. at 7, and when discussing withholding of removal, they claim "[t]he provided evidence shows that government corruption is rampant in Ecuador," "that the government tolerates it," *id.* at 8, and that "the government would not help them against the rampant corruption that is seen in Ecuador," *id.* at 9. They do not support these conclusory assertions with record citations or case law. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (finding argument abandoned where petitioner's brief "devote[d] only a single conclusory sentence

4

to [it]"). And they do not acknowledge or challenge the IJ's specific findings, elaborate on what they mean by "corruption," or explain how such corruption affects the willingness of the police to help them. Petitioners' Br. at 8. Thus, they have abandoned any arguments in favor of review of this aspect of the IJ's decision, which is dispositive of their asylum and withholding of removal claims. *See Debique*, 58 F.4th at 684; *Scarlett*, 957 F.3d at 328.

## II. CAT Relief

A CAT applicant has the burden to establish that it is "more likely than not," 8 C.F.R. § 1208.16(c)(2), that they will be tortured "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." *Id.* § 1208.18(a)(1); *see also Garcia-Aranda v. Garland*, 53 F.4th 752, 758–59 (2d Cir. 2022) (describing this as "two-step inquiry" requiring likely torture and "sufficient state action"). "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." 8 C.F.R. § 1208.18(a)(7); *see also Khouzam v. Ashcroft*, 361 F.3d 161, 170–71 (2d Cir. 2004).

Petitioners' CAT argument consists of a single paragraph, which does not address the agency's findings regarding the likelihood of torture and acquiescence by Ecuadorian officials. As such, they have abandoned the dispositive issues. *See Debique*, 58 F.4th at 684; *Garcia-Aranda*, 53 F.4th at 758–59.

Additionally, even if they did not abandon their claim for CAT relief, their arguments lack merit. First, despite their assertion to the contrary, the IJ considered their eligibility for CAT relief. *See* Certified Administrative Record at 39 (denying CAT relief because fear of torture was speculative and acquiescence had not been shown). Second, their argument—that the agency erred in requiring government acquiescence to torture because they only had to show the government would be unwilling or unable to protect them—is conclusory and contrary to our caselaw and the CAT regulations. *Khouzam*, 361 F.3d at 170-71 ("The CAT itself requires that torture be inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." (citation modified)); *see* 8 C.F.R. § 1208.18(a)(1) (requiring a showing of acquiescence where the feared torture is from private actors); *Matter of M-S-I-*, 29 I. & N. Dec. 61, 64 (B.I.A. 2025) ("[T]he acquiescence standard for CAT protection differs from the unable-or-unwilling standard for asylum and withholding of

6

removal; the potential for private actor violence coupled with a speculation that police cannot or will not help is insufficient to prove acquiescence.").

## III. Referral to the Grievance Panel

A copy of this order will be forwarded to this Court's Grievance Panel. As explained above, the brief does not sufficiently address dispositive issues. Petitioners' counsel, Michael Borja, repeats an argument that the nexus requirement for withholding of removal is less stringent than that for asylum,[1] which we have rejected in his and other prior cases. *See, e.g.*, *Quituizaca*, 52 F.4th at 105–06, 109–14; *Chamba-Alvarez v. Garland*, No. 21-6072, 2023 WL 6439401, at *1 n.1 (2d Cir. Oct. 3, 2023) (summary order). Likewise, we have rejected as unsupported and insufficiently argued Mr. Borja's assertion that CAT relief does not require acquiescence.[2] *See, e.g.*, *Khouzam*, 361 F.3d at 170–71; *Sinchi-Montalvan v. Garland*, No. 22-6400, 2024 WL 4690813, at *2 (2d Cir. Nov. 6, 2024) (summary order); *Guerrero-Andachz v. Bondi*, No. 23-7943, 2025 WL 2810831, at *2 n.5 (2d Cir. Sept. 30, 2025) (summary order).

---

[1] Petitioners' Br. at 8–9.
[2] Petitioners' Br. at 11.

For the foregoing reasons, the petition for review is DENIED.   All pending
motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court